UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCIA ABONJUA (A-221-391-007),<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT, et al.,<br>Respondents. | No. 1:26-cv-06183 DC CSK<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner Lawrence Abonjua (A-221-391-007) is an immigration detainee proceeding through counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Petitioner challenges her continued detention by the U.S. Immigration and Customs Enforcement ("ICE"). Petitioner, a native and citizen of Ghana, entered the United States on December 14, 2025. Petitioner has been detained since that time. Petitioner claims violation of her Fifth Amendment right to due process (claim one), violation of the Immigration and Nationality Act ("INA) (claim two), and violation of the Administrative Procedure Act (claim three). For the following reasons, this Court recommends that the petition be granted as to claim one and that petitioner receive a bond hearing.

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72 and Local Rule 302(c)(17).

## I. FACTUAL BACKGROUND

Petitioner is a native and citizen of Ghana. (ECF No. 5-1 at 1.) On December 14, 2025 petitioner entered the United States and was detained by immigration officials. (Id. at 2.) After being detained, petitioner claimed fear of return to Ghana. (Id.) An asylum officer found a credible fear and, on December 20, 2025, petitioner was issued a Notice to Appear in Immigration and Nationality Act ("INA") section 240 (8 U.S.C. § 1229a) removal proceedings, which are standard removal proceedings.[2] (ECF No. 5-2 (Notice to Appear).) The Notice to Appear charged petitioner with violating INA section 212(a)(7)(A)(i)(l), 8 U.S.C. § 1182(a)(7)(A)(i)(l), as an immigrant without a valid entry document, and INA section 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), as a noncitizen present in the United States without being admitted or paroled or who arrived in the United States at any time or place other than as designated by the Attorney General. (Id. at 1.) Petitioner filed an application for asylum, for withholding of removal under INA section 241(b)(3), 8 U.S.C. § 1231(b)(3), and for deferral of removal under the Convention Against Torture. (ECF No. 1 at 2; ECF No. 5-3 at 1.) On June 24, 2026, an immigration judge denied this application in entirety and ordered petitioner removed to Ghana. (ECF No. 5-3 at 1-4.) According to the government's official Executive Office for Immigration Review Automated Case Information website, petitioner's appeal of the immigration judge's decision to the Board of Immigration Appeals ("BIA") is pending.[3] See https://acis.eoir.justice.gov/en.

## II. PROCEDURAL BACKGROUND

Petitioner filed the petition for writ of habeas corpus on August 5, 2026. (ECF No. 1.) On August 25, 2026, respondents filed a timely reply. (ECF No. 5.) On September 1, 2026,

---

[2] Removal proceedings pursuant to 8 U.S.C. § 1229a (INA § 240) are standard removal proceedings, which are different from expedited removal proceedings pursuant to 8 U.S.C. § 1225(b)(1) (INA § 235(b)(1)).

[3] The court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites. Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010). The Executive Office for Immigration Review ("EOIR") adjudicates immigration cases, and the EOIR Automated Case Information website is an official website of the United States Government. The address of this official website is https://acis.eoir.justice.gov/en/.

petitioner filed a timely traverse. (ECF No. 6.) Briefing is now complete.

## III. LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## IV. DISCUSSION

Petitioner challenges her detention on three grounds: (1) violation of the Fifth Amendment right to process (claim one); (2) violation of the INA (claim two); and (3) violation of the Administrative Procedure Act (claim three). (ECF No. 1 at 6-17.) Respondents argues that petitioner's detention is mandated by statute, 8 U.S.C. § 1225(b)(1), and that petitioner's detention does not violate due process. (ECF No. 5 at 1-2.)

### A. Claim One: Due Process

#### 1. Statutory Basis for Petitioner's Detention

For the following reasons, this Court finds that petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(1). Petitioner was detained on December 14, 2025 upon her entry into the United States. A noncitizen who is present in the United States but has not been admitted is considered an applicant for admission. 8 U.S.C. § 1225(a)(1). Such applicant is subject to expedited removal if the applicant (1) is inadmissible because he or she lacks a valid entry document; (2) has not "been physically present in the United States continuously for the 2-year period immediately prior to the date of admissibility"; and (3) is among those whom the

Secretary of Homeland Security has designated for expedited removal. 8 U.S.C. §§ 1225(b)(1)(A)(i), (iii)(I)-(II). Once "an immigration officer determines" that a designated applicant "is inadmissible," "the officer [must] order the alien removed from the United States without further hearing or review." 8 U.S.C. § 1225(b)(1)(A)(i).

If a noncitizen detained pursuant to 8 U.S.C. § 1225(b)(1) "indicates either an intention to apply for asylum ... or a fear of persecution," then that noncitizen is referred for an asylum interview. 8 U.S.C. § 1225(b)(1)(A)(ii). While awaiting this credible fear interview, the noncitizen is to remain detained. 8 U.S.C. § 1225(b)(1)(B)(iii)(IV). If an immigration officer determines after that interview that the noncitizen has a credible fear of persecution, "the [noncitizen] shall be detained for further consideration of the application for asylum." 8 U.S.C. § 1225(b)(1)(B)(ii). Noncitizens who are subjected to expedited removal under § 1225(b)(1) are mandatorily detained "pending a final determination of credible fear of persecution and, if found not to have such a fear, until removed." 8 U.S.C. § 1225(b)(1)(B)(iii)(IV).

Here, petitioner is subject to mandatory detention pursuant to 8 U.S.C.§ 1225(b)(1)(B)(ii) because her appeal to the BIA of the immigration judge's order denying her asylum application is pending.

2. Discussion

At the outset, this Court finds that petitioner has not received a bond hearing before an immigration judge or neutral decisionmaker who considered whether petitioner posed a danger to the community or a risk of flight.

This Court agrees with other district courts that have addressed whether petitioners subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(1) may raise Fifth Amendment due process claims based on prolonged detention:

> As the Supreme Court explained in Jennings v. Rodriguez, section 1225 "mandate[s] detention of applicants for admission until certain proceedings have concluded." 583 U.S. 281, 297 (2018). Until consideration of an individual's application for asylum has concluded, "nothing in the statutory text imposes any limit on the length of detention" and "neither § 1225(b)(1) nor § 1225(b)(2) says

> anything whatsoever about bond hearings." Id.
>
> However, Petitioner's rights are not limited to those laid out by statute. Nothing in the Supreme Court's decision in Jennings precludes Petitioner from bringing this as-applied constitutional challenge. See Nielsen v. Preap, 586 U.S. 392, 420 (2019) (explaining that the Court's decision that mandatory detention statute did not provide a bond hearing "does not foreclose as-applied challenges—that is, constitutional challenges to applications of the statute as we have now read it"). As the Ninth Circuit identified on remand from Jennings, that Supreme Court case solely addressed whether section 1225 itself permits arbitrary prolonged detention and "declined to reach the constitutional question." Rodriguez, 909 F.3d at 255.

Mohammed v. Warden of California City Det. Ctr., 2026 WL 192368, at *2 (E.D. Cal. Jan. 26, 2026) (granting petitioner's motion for temporary restraining order and ordering bond hearing within seven days before an immigration judge for petitioner detained for seventeen months pursuant to § 1225(b)).

The Fifth Amendment Due Process Clause protects persons in the United States from being deprived of life, liberty, or property without due process of law. U.S. Const. amend. V. The Supreme Court has concluded that "the Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas, 533 U.S. at 693. To determine if petitioner's procedural due process rights have been violated, courts examine two steps: the first step determines whether there exists a protected liberty interest under the Due Process Clause; and the second step examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989); Morrissey v. Brewer, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

*a. Petitioner Has a Protected Liberty Interest*

First, the Court determines whether a protected liberty interest exists under the Due Process Clause. "[T]he Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or

permanent." Zadvydas, 533 U.S. at 693. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." Id. at 690; see also Hernandez v. Sessions, 872 F.3d 976, 993 (9th Cir. 2017) (quoting Foucha v. Louisiana, 504 U.S. 71, 80 (1992)). Petitioner was initially detained by immigration officials on December 14, 2025, and has been in custody for over nine months. Further, due to petitioner's pending appeal to the BIA of the immigration judge's decision denying her asylum application and ordering her removal, which could be delayed by an appeal to the Ninth Circuit Court of Appeals, petitioner faces prolonged detention while her case is processed. "As Petitioner has been deprived of the liberty secured by the Due Process Clause and this deprivation will continue for a protracted and indefinite period, Petitioner has established [her] liberty interest." Mohammed, 2026 WL 192368, at *3 (petitioner with pending asylum claim detained pursuant to § 1225(b)). The Court concludes that petitioner has a protected liberty interest. See id.; Maksim v. Annex, No. 1:25-cv-00955 SKO, 2025 WL 2879328, at *3-5 (E.D. Cal. Oct. 9, 2025) (petitioner detained pursuant to 8 U.S.C. § 1225(b)(1) for eleven months subject to prolonged detention in violation of due process); Cong v. Noem, No. 25-cv-3750 GPC DEB, 2026 WL 76566, at *4-7 (S.D. Cal. Jan. 9, 2026) (petitioner detained pursuant to 8 U.S.C. § 1225(b)(1) for just over eight months subject to prolonged detention in violation of due process); Temesgen v. Larose, No. 26-cv-2309 BJC BJW, 2026 WL 2076158, at *1-2 (S.D. Cal. July 17, 2026) (petitioner detained pursuant to 8 U.S.C. § 1225(b)(1) for over ten months with pending BIA appeal subject to prolonged detention in violation of due process); Mirzada v. Warden, No. 1:26-cv-00425 JLT FJS, 2026 WL 1864591, at *1-3 (E.D. Cal. June 2, 2026), finding and recommendations adopted, 2026 WL 2030165 (E.D. Cal. Jul. 14, 2026) (petitioner detained pursuant to 8 U.S.C. § 1225(b)(1) for two years with pending BIA appeal subject to prolonged detention in violation of due process); Zinaida v. Lyons, No. 26-cv-2866 PHX RM, 2026 WL 1584699, at *1-2 (D. Ariz. June 3, 2026) (petitioner detained pursuant to 8 U.S.C. § 1225(b)(1) for over 18 months with pending BIA appeal had protected liberty interest); Tigranyan v. Warden of California City Detention, No. 1:25-cv-1554 DJC SCR, 2026 WL 91765, at *4 (E.D. Cal. Jan. 13, 2026), findings and recommendations adopted, 2026 WL 130843 (E.D.

Cal. Jan. 16, 2026) (concluding petitioner detained for nearly fifteen months pursuant to 8 U.S.C. § 1225(b)(1) with pending asylum claim determined to be credible has a protected liberty interest); Khaco v. Warden, No. 1:25-cv-1659 CSK, 2026 WL 295551 (E.D. Cal. Feb. 4, 2026) (petitioner detained pursuant to 8 U.S.C. § 1225(b)(1) for over fifteen months has protected liberty interest); see also Padilla v. U.S. Immigr. & Customs Enf't, 704 F. Supp. 3d 1163, 1171-72 (W.D. Wash. 2023) (finding that the petitioners who were detained under § 1225(b)(1) adequately "alleged a right to substantive due process to bond hearings" because "the Supreme Court has consistently held that non-punitive detention violates the Constitution unless it is strictly limited, and, typically, accompanied by a prompt individualized hearing before a neutral decisionmaker to ensure that the imprisonment serves the government's legitimate goals").

*b. Due Process Framework*

Having established that petitioner has a protected liberty interest, the Court must now determine what process is due. District courts in the Ninth Circuit have applied different tests to make this determination, including the three-factor test articulated in Mathews v. Eldridge, 424 U.S. 319 (1976), and other tests. See Mohammed, 2026 WL 192368, at *3 (describing different tests used by district courts); Abdul-Samed v. Warden of Golden State Annex Detention Facility, 2025 WL 2099343, at *6 (E.D. Cal. July 25, 2025) (for prolonged detention of asylum applicant detained under § 1225(b), applying multi-factor test articulated in Lopez v. Garland, 631 F. Supp. 3d 870, 880 (E.D. Cal. 2022) for mandatory detention under 8 U.S.C. § 1226(c)). This Court applies the three-factor test articulated in Mathews, 439 U.S. 319.[4] See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206-07 (9th Cir. 2022) (assuming without deciding that the Mathews standard applies to a due process challenge to a noncitizen's ongoing detention); Mohammed, 2026 WL 192368, at *3 (applying Mathews); Khaco, 2026 WL 295551, at *4-6 (applying Mathews). Under Mathews, the court considers three factors: (1) the private interest affected; (2) the risk of an erroneous deprivation of that interest; and (3) the government's interest involved

---

[4] The Court notes that the factors in the other tests district courts have applied overlap to varying degrees with the Mathews due process analysis and will be considered as part of this Court's analysis. See Abdul-Samed, 2025 WL 2099343, at *6-8.

including any fiscal or administrative burden that additional procedures would include. Mathews, 424 U.S. at 335.

Turning to the first factor in Mathews, petitioner has a strong liberty interest in avoiding prolonged detention without a neutral detention hearing. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." Zadvydas, 533 U.S. at 690. Petitioner has been detained for over nine months. Compared to the six-month presumptive period set forth in Zadvydas, beyond which continued detention becomes prolonged, petitioner's detention qualifies as prolonged. See Zadvydas, 533 U.S. at 701. An individual's private interest in "freedom from prolonged detention" is "unquestionably substantial." Singh v. Holder, 638 F.3d 1196, 1208 (9th Cir. 2011), abrogated on other grounds by Rodriguez Diaz, 53 F.4th at 1196; see also Lopez v. Garland, 631 F. Supp. 3d at 880 ("As detention continues past a year, courts become extremely wary of permitting continued custody absent a bond hearing.") (internal citation omitted).

The length of future detention is unknown and prolonged where petitioner's appeal of the immigration judge's decision is pending before the BIA and further judicial review is available. In addition, the record before the Court does not indicate whether there have been any delays caused by either petitioner or the government. For these reasons, this Court finds that the first factor therefore weighs in petitioner's favor.

Turning to the second factor in Mathews, the risk of erroneous deprivation is considerable. See Mohammed, 2026 WL 192368, at *4; Tigranyan, 2026 WL 91765, at *6; see also Diouf v. Napolitano, 634 F.3d 1081, 1092 (9th Cir. 2011) ("the risk of an erroneous deprivation of liberty in the absence of a hearing before a neutral decisionmaker is substantial"), abrogated on other grounds by Rodriguez Diaz, 53 F.4th 1189; Rodriguez v. Marin, 909 F.3d 252, 256 (9th Cir. 2018) (expressing "grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional"). "Civil immigration detention is 'nonpunitive in purpose and effect' and, therefore, only justified when a noncitizen is a flight risk or danger to the community." Mohammed, 2026 WL 192368, at *4 (quoting Zadvydas, 533 U.S. at 690). Respondents do not claim that petitioner has a criminal record. (See ECF No. 5.) Where

petitioner has not received a bond hearing, has been detained for over nine months, and it is not clear when detention will end given her pending appeal to the BIA and possible further appeal to the Ninth Circuit Court of Appeals, the probable value of this additional procedural safeguard is high. See Maksim, 2025 WL 2879328, at *5; Mohammed, 2026 WL 192368, at *4; Tigranyan, 2026 WL 91765, at *6; Khaco, 2026 WL 295551, at *6. For these reasons, the second Mathews factor weighs in favor of petitioner.

Under the third factor in Mathews, the court weighs the government's interest, "including the function involved and the fiscal and administrative burdens that the additional or substitute requirement would entail." Mathews, 424 U.S. at 335. The Court recognizes that the government has an interest in enforcing immigration laws, but respondents' interest in detaining petitioner without a bond hearing is "low." Ortega v. Bonnar, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019); see Doe v. Becerra, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. Mar. 3, 2025); Maksim, 2025 WL 2879328, at *5. Detention hearings in immigration courts are routine, and impose a "minimal cost." Doe, 787 F. Supp. 3d at 1094; see Mohammed, 2026 WL 192368, at *4. Petitioner's individual request for a bond hearing also involves a minimal fiscal and administrative burden, and respondents do not argue otherwise. (See ECF No. 5.) "Thus, there is not even the suggestion, much less a basis in the record to find, any fiscal or administrative burden to the government that would result from providing a bond hearing to petitioner." Tigranyan, 2026 WL 91765, at *6. For these reasons, the third Mathews factor weighs in favor of petitioner.

3. Conclusion

The Court concludes that petitioner's detention is prolonged and she is entitled to a bond hearing before an immigration judge/neutral decisionmaker to justify her continued detention. At the bond hearing, respondents would bear the burden of establishing by clear and convincing evidence that petitioner poses a danger to the community or a risk of flight to demonstrate that continued detention is warranted. See Mohammed, 2026 WL 192368, at *3-4, 5; Temesgen, 2026 WL 2076158, at *2 (ordering bond hearing for petitioner detained pursuant to § 1225(b)(1), who is subject to prolonged detention in violation of due process, where government bears the burden of establishing by clear and convincing evidence that petitioner poses a danger or flight

risk); Mirzada, 2026 WL 1864591, at *5 (same); Zinaida, 2026 WL 1584699, at *4-5 (same); Maksim, 2025 WL 2879328, at *6 (same); Khaco, 2026 WL 295551, at *7 (same).

**B. Remaining Claims**

This Court declines to reach petitioner's remaining claims because petitioner is entitled to relief as to claim one. See N.K. v. Noem, No. 1:26-cv-0292 KES SAB, 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas petition as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to that second count); Constantinovici v. Bondi, No. 3:25-cv-2405 RBM AHG, 2025 WL 2898985, at *7 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the Petition for seeking release").

**V. CONCLUSION**

In summary, this Court recommends that the petition for writ of habeas corpus be granted as to claim one (due process).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus be GRANTED as to claim one.

2. Respondents be ordered to provide petitioner Lawrencia Abonjua (A-221-391-007) with a bond hearing before an immigration judge/neutral decisionmaker within **fourteen (14) days** of the adoption of these findings and recommendations where respondents bear the burden of establishing by clear and convincing evidence that petitioner poses a danger to the community or a risk of flight to justify her continued detention. Respondents must provide petitioner and petitioner's counsel with at least **seven (7) days'** notice before the bond hearing. Petitioner shall be allowed to have her counsel present at any such hearing. If a bond hearing is not held within 14 days, petitioner shall be immediately released.

3. The Clerk of the Court be directed to enter judgment in favor of petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** of the date of these findings and recommendations, any party may file written objections with the

court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 22, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Abon6183.157.imm.BOND/2